Strafford
No. 81-047

MICHAEL CHENEY

v.

CITY OF SOMERSWORTH & a.

February 19, 1982

*Fisher, Parsons, & Moran,* of Dover (*Edward T. Clancy* on the brief and *Robert E. Fisher* orally), for the plaintiff.

*Robert L. Steuk,* of Exeter, by brief and orally, for the defendants.

DOUGLAS, J.   The issue in this case is whether the superior court erred when it upheld the Somersworth Police Commission's decision to discharge the plaintiff for disobeying an order. We find no error and affirm.

Michael Cheney was a full-time police officer on the Somersworth Police Department in January 1979. On January 12, 1979, when Cheney was on duty, he received a radio call from the dispatcher asking him for a number where he could be reached. Cheney gave her the number of a public telephone, and the dispatcher called him there with the message that Ann Libby, another offi-

cer's wife, wanted Cheney to call her. Normally, all calls to the dispatcher are taped, but this conversation was not recorded because the dispatcher turned off the tape.

Shortly thereafter, Sergeant Morse called Cheney on his car radio and asked to meet him at T & C Electronics. When they met, Sergeant Morse asked Cheney about the call he had just received from the dispatcher. Cheney related the message he had received, and was informed that his call had not been recorded because the dispatcher shut off the tape. Sergeant Morse told Cheney "This . . . has got to cease" and left. During his lunch break, the plaintiff called the dispatcher, asking her to use the telephone on the watch commander's desk, about ten feet from her post. This telephone was not connected to the taping system. Cheney was later discharged for making this unlogged call. At trial, the plaintiff was asked: "Did you advise [the dispatcher] when you called her to pick up the other phone, that you didn't want the conversation taped?" He answered: "Yes, sir, . . . so she wouldn't shut off and erase the tapes."

On January 27, 1979, the Somersworth police chief gave Cheney a notice that he was being terminated for violating the order of a superior officer. The Somersworth Police Commission upheld the order. Cheney appealed to the Strafford County Superior Court. *Goode*, J., granted the defendants' motion for a directed verdict, and the plaintiff appealed to this court.

■■ The superior court must uphold the police commission's orders unless the plaintiff shows that they are illegal, unjust, or unreasonable. *Ingersoll v. Williams*, 118 N.H. 135, 139, 383 A.2d 1119, 1121 (1978). In granting the defendants' motion for directed verdict, the court found that the plaintiff's evidence could not have supported a verdict in his favor. *Welch v. Fitzgerald-Hicks Dodge, Inc.*, 121 N.H. 358, 361, 430 A.2d 144, 146 (1981). Because the plaintiff did not establish a prima facie case, *see id.* at 363, 430 A.2d at 149, and because a reasonable fact-finder could not have found that the plaintiff was discharged without cause, *see id.*, 430 A.2d at 148, we affirm.

■ The plaintiff challenges Sergeant Morse's "order," contending that he could not have disobeyed a superior's order because none was issued. An order is a "command or direction authoritatively given . . . ." *Brady v. Interstate Commerce Comm'n*, 43 F.2d 847, 850 (N.D.W.Va. 1930). It encompasses commands, instructions, and directions emanating from a superior which direct a subordinate's actions. *Finnegan v. Railroad*, 261 Mo. 481, 507, 508, 169 S.W. 969, 975 (1914). An order is not a "suggestion" or

"request" but a command which leaves no room for the exercise of discretion. *Artificial Ice & Cold Storage Co. v. Martin*, 102 Ind. App. 74, 80, 198 N.E. 446, 449 (1935). *See also Foote v. State Personnel Comm'n*, 116 N.H. 145, 148, 355 A.2d 412, 414 (1976) (willful insubordination is refusal "to accede to a legitimate and reasonable demand of the employer").

At their meeting, Sergeant Morse told Cheney that his practice of evading the taping system had to cease, By saying "This . . . has got to cease," Sergeant Morse ordered Cheney to stop interfering with the tape and dispatch systems. Cheney disobeyed this order by having the dispatcher leave her desk and use another telephone not connected to the taping system.

■ The plaintiff argues that there was no statutory "cause" justifying his dismissal. We disagree. Cheney's burden was to show that the Somersworth Police Commission's order was illegal, unjust, or unreasonable, a "very heavy burden." *Ingersoll v. Williams*, 118 N.H. at 139, 383 A.2d at 1122.

■ From the evidence before it, the trial court could reasonably have found that the police commission's order was *not* illegal, unjust, or unreasonable. A full-time police officer can be removed "for cause." RSA 41:48. This court has recognized infraction of police force rules as "cause." *See Ingersoll v. Williams*, 118 N.H. at 137, 383 A.2d at 1120. By disobeying an order, the plaintiff committed such an infraction. We find as a matter of law that a reasonable fact-finder could not have reached a verdict in the plaintiff's favor. *See Welch v. Fitzgerald-Hicks Dodge, Inc.*, 121 N.H. at 361, 430 A.2d at 146.

*Affirmed.*

All concurred.